UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
- - - - - - - - - - - - - - -
LEEANN ZETTL,                )
                             )
        Plaintiff,           )
                             )
    v.                       )    C.A. No. 06-471 S
                             )
MICHAEL J. ASTRUE,           )
Commissioner of              )
Social Security,             )
                             )
        Defendant.           )
- - - - - - - - - - - - - - -
```

<u>ORDER</u>

The matter before the Court is the objection of Plaintiff Leeann Zettl ("Plaintiff") to the Report and Recommendation of the United States Magistrate Judge, dated May 17, 2007, recommending that the Commissioner of the Social Security Administration's (the "Commissioner") Motion for an Order Confirming the Decision of the Commissioner be granted, and Plaintiff's Motion to Reverse or Remand for a Rehearing the Commissioner's Final Decision be denied. As set forth below, this Court declines to adopt the conclusions set forth in the Report and Recommendation ("R&R"), and remands the matter so the Administrative Law Judge ("ALJ") may render a specific decision as to Plaintiff's alleged fibromyalgia. It is important to emphasize, however, that this Court agrees with much, if not

most of the R&R, with the exception of the narrow but important issue discussed below.

I.    Factual Background and Procedural History[1]

Plaintiff filed an application for disability insurance benefits ("DIB") in March of 2004, alleging disability as of February 11, 2004.  Her application was denied initially and on reconsideration.  Plaintiff requested a hearing before an ALJ, which was held on October 3, 2005.  At that hearing, Plaintiff was represented by counsel, and she, along with a vocational expert and a medical expert ("ME") appeared and testified.  The ALJ issued its decision on October 21, 2005, finding that Plaintiff was not disabled.  The Appeals Council denied her request for review, making the ALJ's decision the final decision of the Commission.

On Plaintiff's appeal, this Court referred the matter to the Magistrate Judge.  After reviewing the briefs and conducting a hearing, the Magistrate Judge issued an R&R recommending affirmance of the Commissioner's decision that Plaintiff is not disabled within the meaning of the Social Security Act (the "Act").  Plaintiff objected to the R&R, and Defendants filed a Reply.  This Court heard oral argument on August 3, 2007.  After

_____

[1] The facts and procedural history are taken largely from the R&R.  See R&R at 11 - 22.

2

hearing those arguments, as well as reviewing the parties' briefs, this Court adopts and incorporates the detailed facts and procedural history set forth by the Magistrate Judge. While this writer agrees with much of the Magistrate Judge's analysis and conclusions, for the reasons set forth below, this Court declines to adopt in full the conclusions contained in the Report and Recommendation, and remands the matter for further proceedings consistent with this Decision.

II.  <u>Standard of Review</u>

Determinations made by magistrate judges on dispositive pretrial motions are reviewed *de novo* by the district court. <u>See</u> Fed. R. Civ. P. 72(b). In making a *de novo* determination, the district court "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." <u>Id.</u> In reviewing a magistrate judge's recommendations, the district court must actually review and weigh the evidence presented to the magistrate judge, and not merely rely on the magistrate judge's report and recommendation. <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 675, (1980); <u>Gioiosa v. United States</u>, 684 F.2d 176, 178 (1st Cir. 1982).

With this in mind, it is important to remember that this Court must review appeals from decisions of the Commissioner

3

based on a "substantial evidence" standard. An administrative agency's factual determinations are supported by substantial evidence if they are supported by proof that a reasonable mind might find adequate, in light of the record as a whole, to support a particular conclusion, even though the evidence might also support another inconsistent conclusion. S. Shore Hosp., Inc. v. Thompson, 308 F.3d 91, 104 (1st Cir. 2002). In deciding whether substantial evidence exists, "conflicts and contradictions in the evidence are to be resolved by the [agency], not the court." Sitar v. Schweiker, 671 F.2d 19, 22 (1st Cir. 1982) (citing Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)).

III. Analysis

In addition to satisfying other requirements not at issue here, a plaintiff must be disabled as defined by the Act in order to receive disability insurance benefits. 42 U.S.C. § 423(a). Under the Act, an individual is deemed to be disabled when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §

4

423(d)(1)(A).   The  impairment  must  be  so  severe  that  the
individual  is  unable  to  perform  his  previous  work  or  any  other
kind  of  substantial,  gainful  employment  that  exists  in  the
national  economy.   42 U.S.C. § 423(d)(2).

A  five-step  analysis  is  necessary  to  determine  if  a
plaintiff  is  entitled  to  DIB.   <u>See</u> 20 C.F.R. § 404.1520; <u>Seavey
v. Barnhart</u>, 276 F.3d 1, 5 (1st Cir. 2001).   First, plaintiff
cannot  be  engaged  in  any  substantial  gainful  activity.   <u>See</u> 20
C.F.R. § 404.1520(a), (b).   Second, plaintiff must have a severe
physical  or  mental  impairment  which  significantly  limits  his
ability  to  do  "basic  work  activities."   20 C.F.R. § 404.1520(c).
Third,  plaintiff's  impairment  must  meet  or  equal  one  enumerated
in  the  Listing  of  Impairments  (the  "Listing").   <u>See</u> 20 C.F.R. §
404.1520(d); 20 C.F.R. Pt. 404, Subpt. P, App. 1.   Fourth, if
the  impairment  falls  outside  the  Listing,  plaintiff  must  prove
that  his  residual  functional  capacity  ("RFC")  is  insufficient  to
perform  past  relevant  work.    <u>See</u> 20 C.F.R. § 404.1520(e).
Finally,  fifth,  the  ALJ  must  determine  whether  suitable
alternative  employment  that  the  individual  can  perform  is
available.   <u>See</u> 20 C.F.R. § 404.1520(f).   At this step in the
analysis,  the  burden  shifts  to  the  Commissioner  to  demonstrate
that  there  are  jobs  in  the  national  economy  that  the  plaintiff

can perform.  See Heggarty v. Sullivan, 947 F.2d 990, 995 (1st Cir. 1991).

In this case, the Court is most troubled by the ALJ's determination in Step 2 of the above-analysis.  Plaintiff here contends that she suffers from fibromyalgia, and that her fibromyalgia severely impairs her ability to work.  Though presented with conflicting medical evidence on Plaintiff's claimed fibromyalgia, the ALJ never directly addressed the fibromyalgia diagnosis, and has not identified substantial evidence in the record to support a rejection of fibromyalgia as a "severe" impairment at Step 2 of the disability evaluation process.  Although the ALJ recognized the evidentiary conflict between the diagnosis of Plaintiff's physician Dr. Rafal and the ME's testimony, it does not specifically resolve the conflict or comment on the weight accorded to those competing opinions.

Faced with this, the Magistrate Judge concluded that the ALJ must have accepted the medical expert's opinion over the opinion of Dr. Rafal.  While this is a logical and reasonable reconciliation of the ALJ's conclusion and the evidentiary record, it was the function of the ALJ to explain the reasoning behind her conclusion as to fibromyalgia.  While this Court offers no opinion as to whether or not the record supports a

6

finding that Plaintiff suffers from fibromyalgia or if such condition constitutes a "severe" impairment under 20 C.F.R. § 404.1520(c), it concludes that a "sentence four" remand is warranted to allow the ALJ to render a specific decision as to fibromyalgia and to fully explain the basis for her decision.[2]

It is so ordered.

William E. Smith
United States District Judge
Date: 10/10/07

---

[2]  It is well-established that a court may remand a case to the Commissioner for rehearing under either sentence four or six of 42 U.S.C. § 405(g), or both.  Lacap v. Barnhart, No. C.A. 04-182L, 2006 WL 2516500 at * 8 (D.R.I. July 20, 2006).  "Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision."  Id. (citing Freeman v. Barnhart, 274 F.3d 606, 609-10 (1st Cir. 2001)).  "On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence."  Id. (citing Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983)).