UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LEEANN ZETTL | : | |
| | : | |
| v. | : | C.A. No. 06-471S |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of the Social Security | : | |
| Administration | : | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion for Attorneys' Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Document No. 19). The Commissioner opposes the Motion. (Document No. 20). This Motion has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). Based on my review of the administrative record and the parties' legal memoranda, Plaintiff's Motion for Attorneys' Fees under EAJA is DENIED for the reasons that follow.

**Background**

Plaintiff commenced this action on October 25, 2006 seeking review of a final decision of the Commissioner of the Social Security Administration denying Disability Insurance Benefits under the Social Security Act, 42 U.S.C. § 405(g). Plaintiff moved to reverse the Commissioner's decision or for Remand for further proceeding under sentence four of Section 405(g). The Commissioner moved for an order affirming the denial of benefits to Plaintiff.

The ALJ originally decided this case adverse to Plaintiff at Step 5. At Steps 2 and 3, the ALJ found that Plaintiff had severe impairments of bilateral carpal tunnel syndrome, cervical and lumbar disc disease and major depression, but that she had no impairment(s) of listing-level severity. (Tr. 26-27, 30 at Findings 3-4). However, the ALJ rejected Plaintiff's claim as to fibromyalgia. The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work involving simple, one- to three-step instructions and with no repetitive forceful gripping or grasping; no repetitive bending, crawling, crouching, stooping, kneeling; no climbing of ropes, ladders or scaffolds; no working at

unprotected heights or with dangerous equipment; no repetitive overhead reaching or lifting; and no concentrated exposure to extremes of noise, temperature or vibration. (Tr. 28, 31 at Finding 6). At Step 4, the ALJ found that Plaintiff could not perform her past relevant work. (Tr. 29, 31 at Finding 7), but at Step 5, she found that Plaintiff could perform other work which existed in significant numbers in the national economy. (Tr. 30, 31 at Finding 12). Accordingly, the ALJ concluded that Plaintiff was not disabled. (Tr. 30-31).

Plaintiff challenged the ALJ's decision in several respects. On May 17, 2007, I issued a Report and Recommendation which rejected Plaintiff's claims of error and recommended that the ALJ's decision be affirmed. (Document No. 7). Plaintiff objected to my Report and Recommendation. On October 11, 2007, District Judge Smith declined to adopt my recommendation and ordered a remand. (Document No. 15). Judge Smith "agree[d] with much, if not most of the [report and recommendation], with the exception of [one] narrow but important issue." Id. at 1-2. In particular, Judge Smith concluded that the ALJ had not adequately explained her conclusions regarding Plaintiff's fibromyalgia and remanded "to allow the ALJ to render a specific decision as to fibromyalgia and to fully explain the basis for her decision." Id. at 6-7.

**Discussion**

EAJA requires the Government to pay fees and expenses incurred in litigation where (1) the claimant is a "prevailing party"; and (2) the Government's position was not "substantially justified." McDonald v. Sec'y of Health and Human Servs., 884 F.2d 1468, 1469 (1st Cir. 1989). "[T]he test for determining whether the government's position was 'substantially justified' is one of reasonableness; was [its] position reasonable both in law and fact." United States v. Yoffe, 775 F.2d 447, 450 (1st Cir. 1985).

"[A] position can be justified even though it is not correct, and...it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis

in law and fact." Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988). See also De Allende v. Baker, 891 F.2d 7, 12 (1st Cir. 1989) ("The mere fact that the government lost in the underlying litigation does not create a presumption that its position was not substantially justified."). "Substantial justification constitutes a middle ground between an automatic award of fees to a prevailing party and an award made only when the government's position was frivolous." Washington v. Heckler, 756 F.2d 959, 961 (3rd Cir. 1985) (internal quotation omitted).

The Commissioner does not contest Plaintiff's status as an eligible, prevailing party under EAJA. See Shalala v. Schaefer, 509 U.S. 292, 296-97 and n.2 (1993). Although Plaintiff did not prevail on all of her arguments, she was successful in obtaining a reversal of the benefit denial and a "sentence four" remand. Final judgment entered in her favor on October 12, 2007. (Document No. 16). The Commissioner, however, argues that an award of fees under EAJA is inappropriate because his position was substantially justified, i.e., reasonable.

Plaintiff's counsel does not seek an award of costs in this matter. She seeks an award of $4,371.00 in fees. Although the Commissioner contests an award of any fees, he did not specifically challenge the hourly rate or total fee requested by Plaintiff's counsel. A review of the file in this case reveals that Plaintiff's total request is reasonably related to the total work performed.

Although I find the amount of the fees requested to be reasonable, I do not find that Plaintiff is legally entitled to an award of such fees under EAJA. This case presented a close question and it is apparent that reasonable minds could (and did) differ as to the appropriate result. In my Report and Recommendation, I rejected the various arguments made by Plaintiff and those conclusions were adopted for the most part by Judge Smith. It is undisputed that there was a conflict between the testimony of the medical expert and the diagnosis of Dr. Rafal, Plaintiff's treating physician. See Garza v. Sullivan, 753 F. Supp. 737, 739 (N.D. Ind. 1991) (decision to defend one medical position over a conflicting one can

be substantially justified). The crux of the dispute in this case was the resolution of this evidentiary conflict. (Document No. 15 at 6). Looking at the ALJ's ultimate conclusion, I determined that she must have resolved this conflict in favor of the medical expert. However, the ALJ did not specifically articulate her reasoning. While Judge Smith viewed my reconciliation of the ALJ's conclusion and the evidentiary record as "logical and reasonable," he took a different approach and concluded that it was the ALJ's function (not the Court's) to explain her reasoning. Id. Thus, Judge Smith ordered a remand for this specific purpose. Under these particular circumstances, the Commissioner has met its burden of establishing that his position was substantially justified and Plaintiff's request for fees under EAJA must be denied. See Stein v. Sullivan, 966 F.2d 317, 320 (7th Cir. 1992) (EAJA fees denied where remand was ordered due to Appeal Council's failure to adequately articulate its assessment of certain medical evidence.).

**Conclusion**

For the reasons discussed above, Plaintiff's Motion for Attorneys' Fees under EAJA (Document No. 19) is DENIED.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 7, 2007